**MICHAEL P. MADDEN, ESQUIRE**
**MADDEN & MADDEN, P.A.**
108 KINGS HIGHWAY EAST - SUITE 200
POST OFFICE BOX 210
HADDONFIELD, NEW JERSEY 08033
TEL: (856) 428-9520
Attorney for Defendants Voorhees Police Department and Lieutenant Louis Bordi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GERALDINE ROCK,<br><br>    Plaintiff(s),<br><br>        v.<br><br>VOORHEES POLICE DEPARTMENT,<br>LIEUTENANT LOUIS BORDI and<br>JOHN DOES 1-10 (fictitious persons or<br>entities) jointly and severally and<br>alternatively,<br><br>    Defendant(s). | **NOTICE OF REMOVAL**<br>(Superior Court of New Jersey<br>Docket No. CAM-L-653-08) |

TO:  The Honorable Judge of the United States District Court for the District of New Jersey

The Defendants, Voorhees Police Department and Lt. Louis Bordi, hereby state:

1.    Petitioners desire to exercise their rights under the provisions of Title 28 U.S.C. §1441, et seq., to remove this action from the Superior Court of New Jersey, Camden County, in which said action is now pending under the above-captioned title under Docket No. CAM-L-653-08.

LAW OFFICES
MADDEN & MADDEN
A Professional Corporation
SUITE 200
108 KINGS HIGHWAY EAST
P. O. BOX 210
HADDONFIELD, NEW JERSEY 08033-0210

2.    This is an action in which the District Court of the United States have been given original jurisdiction upon each of the following bases:

a.    Plaintiffs seek in this action, <u>inter alia</u>, to recover from Defendants damages for a purported violation of the Family and Medical Leave Act of 1993, 29 U.S.C.A. §2601, <u>et seq</u>.

b.    Specifically, Plaintiffs' Complaint alleges, <u>inter alia</u>, as follows:

38.    The Plaintiff suffers from severe chronic cough syndrome caused by asthma and post-nasal drip syndrome, and a work-related injury.

39.    The Plaintiff's work-related injury prevented her from working October 19-29, 2007.

40.    The Plaintiff properly advised her employer of her illness and/or injury and requested FMLA leave.

41.    On November 1, 2007, a Preliminary Notice of Disciplinary Action charged the Plaintiff with chronic or excessive absenteeism because she was absent without authorized leave on October 19, 2007 for 3.5 hours, on October 22-24, 2007 for 24 hours, on October 25, 2007 for 6 hours, and on October 26, 2007 for 8 hours.

42.    On October 31, 2007, the Defendant Employer advised the Plaintiff that she had 2 weeks of FMLA time remaining.

43.    In direct retaliation for the Plaintiff exercising her rights under FMLA, the Defendant brought disciplinary charges against

LAW OFFICES
MADDEN & MADDEN
A PROFESSIONAL CORPORATION
SUITE 200
108 KINGS HIGHWAY EAST
P. O. BOX 210
CROMSFIELD, NEW JERSEY 08002-0210

2

the Plaintiff for insubordination and chronic or excessive absenteeism. The Defendant suspended the Plaintiff without pay from December 3-5, 2007 for the sole reason that the Plaintiff exercised her protected rights under FMLA.

44.    The Defendant Employer has employed 50 or more employees in at least 20 weeks of the current or preceding year.

45.    The Defendant Employer has 50 or more employees within 75 miles of the Plaintiff's work location.

46.    The Plaintiff had work for the Defendant Employer during the 12 months preceding her need for FMLA leave and for at least 1250 base hours.

47.    The Plaintiff suffers from a disability which prevents her from working at times.

48.    The Plaintiff consistently provided her employer with notes from her physician regarding her disability, and the Defendants approved the leave under FMLA.

49.    The Defendants violated the FMLA by taking adverse action against the Plaintiff for using her FMLA time.

50.    As a result of the Defendant's intentional outrageous actions toward the Plaintiff, as detailed in the previous paragraphs and Counts of this Complaint, the Plaintiff has suffered, and continues to suffer, extreme emotional distress, anxiety, embarrassment,

LAW OFFICES
MADDEN & MADDEN
A PROFESSIONAL CORPORATION
SUITE 200
108 KINGS HIGHWAY EAST
P. O. BOX 210
HADDONFIELD, NEW JERSEY 08033-0389

humiliation, monetary, emotional, reputational and other personal injuries.

3.  Under the provisions of 28 U.S.C. §1441, et seq., the right exists to remove this action from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey, which embraces the place where this action is pending.

4.  The above-mentioned federal claims as averred by Plaintiffs are set forth within the Complaint as filed with the Clerk of the Superior Court of Camden County. Plaintiffs' Complaint, with jury demand, is attached hereto as Exhibit "A".

5.  Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Superior Court of New Jersey, Camden County and written notice thereof has been provided to all adverse parties.

6.  Pursuant to 28 U.S.C. §1446(a) attached hereto is a copy of all process, pleadings, and orders served upon the Defendants to this action.  These consist of:

    a.  Summons and Complaint with jury demand (Exhibit A)

    b.  Affidavit of Service respecting service upon the Defendant Lt. Bordi and the Defendant Voorhees Police Department.  (Exhibit B)

7.  This Notice of Removal has been timely filed pursuant to 28 U.S.C. §1446(b), as it was filed within 30 days after receipt of the Complaint by these Defendants on or about March 1, 2008 and February 25, 2008. Therefore, this Notice of Removal is filed within the 30 days after receipt by these Defendants.

8.  All Defendants join in on this Notice of Removal.

LAW OFFICES
MADDEN & MADDEN
A PROFESSIONAL CORPORATION
SUITE 200
108 KINGS HIGHWAY EAST
P. O. BOX 210
HADDONFIELD, NEW JERSEY 08033-0210

9.    Allocation of this matter to the Camden Vicinage is appropriate, insofar as the address of the Defendants, Voorhees Police Department and Lt. Louis Bordi, is located in Camden County, New Jersey.

WHEREFORE, Defendants Voorhees Police Department and Lt. Louis Bordi provide notice that the above action pending against them is being removed from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey, Camden Vicinage.

MADDEN & MADDEN, P.A.

/s/ Michael P. Madden

By:_____

Michael P. Madden, Esquire

Dated: March 18, 2008

LAW OFFICES
MADDEN & MADDEN
A PROFESSIONAL CORPORATION
SUITE 200
108 KINGS HIGHWAY EAST
P. O. BOX 210
HADDONFIELD, NEW JERSEY 08033-0389

ALAN H. SCHORR, ESQUIRE
ALAN H. SCHORR & ASSOCIATES, P.C.
5 SPLIT ROCK DRIVE
CHERRY HILL, NEW JERSEY 08003
(856) 874-9090 FAX (856) 874-9080
schorrlawnj@aol.com
Attorneys for the Plaintiff



| | |
|---|---|
| GERALDINE ROCK, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | CAMDEN COUNTY |
| | |
| v. | CIVIL ACTION |
| | DOCKET NO.: L 653-08 |
| VOORHEES POLICE DEPARTMENT; | |
| LIEUTENANT LOUIS BORDI; JOHN | COMPLAINT |
| DOES 1-10: FICTITIOUS PERSONS | |
| OR ENTITIES; JOINTLY, | |
| SEVERALLY AND ALTERNATIVELY, | |
| | |
| Defendants. | |

The Plaintiff, Geraldine Rock, residing in Williamstown, New Jersey, by way of Complaint against the Defendants, states as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.   Upon information and belief, Defendant Lieutenant Louis Bordi ("Lt. Bordi") is the supervisor of Technology Unit, Communications Division and Records Bureau at the Voorhees Police Department.

2.   Upon information and belief, Lt. Bordi resides in Voorhees, New Jersey.

3.   The Plaintiff Geraldine Rock ("Rock") has been employed by the Voorhees Police Department since January 1997. Throughout her employment, the Plaintiff has been a Police

EXHIBIT A

Records Clerk and Police Dispatcher.

4.   On February 27, 2007, the Plaintiff tripped and fell at
     work, injuring her left foot lateral cuneiform mid foot
     contusion and ankle anterior tibial EHL tendinopathy versus
     underlying bone contusions.  The Plaintiff informed her
     employer of her workplace injury and she was sent to the
     Defendant Employer's worker's compensation physician.  The
     Plaintiff subsequently filed a claim for worker's
     compensation benefits.

5.   The Plaintiff's work-related injury caused her to have
     temporary disability work status.

6.   The Plaintiff's physician updated her work restrictions
     weekly, which the Plaintiff kept the Defendants aware of.

7.   The Plaintiff's physician restricted the Plaintiff from
     prolonged walking or standing and ordered that the Plaintiff
     should predominantly sit while working.  Depending upon the
     Plaintiff's well-being, the physician updated the
     Plaintiff's restrictions regularly from either occasional or
     no bending, squatting, climbing, and kneeling.

8.   Despite the physician's restrictions, the Defendants'
     refused to allow the Plaintiff to use the unisex Dispatcher
     restroom which was closest to her desk.  Instead, she was
     told to use a women's restroom much further away.  In
     response, on March 14, 2007, the Plaintiff's physician noted

2

that the Plaintiff should be allowed to use the lowest
restroom, meaning the unisex Dispatcher bathroom.

9.   Despite the requested reasonable accommodations, the
Defendant refused to provide reasonable accommodations for
the Plaintiff.  The Defendant still required the Plaintiff
to stand up to help patrons at the window upwards to twenty
times a day.  The Plaintiff was not permitted to use the
Women's Restroom nor the nearby unisex Dispatcher restroom,
and instead she was ordered her to use the Detective and
Traffic Units Restroom, which only men used.

10.  In the beginning of April 2007, the Plaintiff, frustrated at
the lack of reasonable accommodations, notified her worker's
compensation insurance case worker that the Defendants
failed to make reasonable accommodations in line with her
physician's restrictions.  The Plaintiff was told by the
case worker that she would pass the complaints back to the
Defendants.

11.  Immediately following the Plaintiff's complaints of failure
to reasonably accommodate, the Defendants began a swift and
harsh systematic pattern of harassment and retaliation
including, but not limited to, the following:

a.   The Plaintiff was denied her regular overtime hours as
a dispatcher.  Prior to her complaint she averaged  one
day a month overtime, which was immediately and

3

permanently taken away.

b.   On April 17, 2007, the Plaintiff was given an
     unwarranted disciplinary notice, being unjustly
     charged with not complying with her physician's light
     duty restrictions; she was looking for a diamond that
     fell loose from her ring.  The Plaintiff was not
     permitted to look for her diamond, and was wrongfully
     disciplined instead.

c.   The same day, the Plaintiff was given a second
     frivolous disciplinary notice for moving her computer
     monitor so that she could dust the area in order to
     prevent a dust induced asthma attack.  While the
     monitor was temporarily moved, which she had advanced
     permission for, she received a disciplinary notice for
     allegedly violating orders.

d.   The Plaintiff's immediate supervisor and Lt. Bordi
     repeatedly refused to allow the Plaintiff to use the
     lunchroom to take her lunch and afternoon breaks,
     forcing her to remain at her desk, where she was often
     called upon to work through her breaks.

e.   The Plaintiff was suspended from December 3-5, 2007 for
     being out for a serious illness and/or injury, despite
     the fact that the Defendant approved her leave under
     her available FMLA time.

4

f.   The Plaintiff was still not permitted to use the Women's Restroom nor the nearby unisex Dispatcher restroom, and instead she had continued orders to use the Detective and Traffic Units Restroom, which only men used.

g.   Lt. Bordi refused to permit the Plaintiff use the water cooler and insisted she bring her water from home.

h.   Lt. Bordi restricted the Plaintiff from keeping a fan at her desk due to a "noise" complaint even though her fan was quiet and he was aware her fan kept her from becoming feverish from her asthma medications.

12.   Throughout the course of the Plaintiff's employment, she has been able to perform her job functions effectively, with or without accommodations.

### COUNT ONE: VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, *et seq.* - DISABILITY DISCRIMINATION

13.   The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

14.   In addition to her left foot and ankle injury, the Plaintiff also suffers from severe chronic cough syndrome caused by asthma and post-nasal drip syndrome, and a work-related injury for which she was labeled as temporarily disabled.

5

15.  The Plaintiff was qualified and was satisfactorily performing her job duties.

16.  The Plaintiff suffered retaliation as discussed above in the *Facts Common to All Causes of Action, paragraph 11.*

17.  From October 19-23, 2007, the Plaintiff was in and out of the hospital for her work-related injury.  While she was at the hospital, the Plaintiff suffered an asthma attack.  She was released on or about October 23, 2007 with instructions to lay flat for three days due to having a spinal tap done. On October 25, 2007, Lt. Bordi sent the Plaintiff home from work because he felt she was too ill to be working.  On October 26, 2007, the Plaintiff was still ill and she called out.

18.  On November 1, 2007, a Preliminary Notice of Disciplinary Action charged the Plaintiff with chronic or excessive absenteeism because she was absent without authorized leave on October 19-26, 2007. However, the Plaintiff was sick and/or injured and the Defendant had approved her for FMLA time.  The charge resulted in a 3-day suspension from December 3-5, 2007 for being sick and using her available FMLA time.

19.  The Defendant Employer violated the Law Against Discrimination in that they refused to engage in an interactive process and refused to reasonably accommodate

6

the Plaintiff as required under the Law Against
Discrimination.

20.  The Defendant violated the Law Against Discrimination in
     that they took adverse actions against the Plaintiff on the
     basis of her disability.

21.  The discriminatory actions made against the Plaintiff would
     not have occurred but for the fact that the Plaintiff was
     disabled.

22.  The alleged allegations were outrageous and beyond all
     bounds of human decency, justifying the imposition of
     punitive damages against the Defendants.

23.  The Defendants' acts were performed with malice and a
     reckless indifference to the Plaintiff's protected rights.

24.  The willful indifference and actual participation by the
     Defendants creates liability against the Defendants.

25.  As a result of the Defendants' intentional and outrageous
     actions toward the Plaintiff, as detailed in the previous
     paragraphs of this Complaint, the Plaintiff has suffered,
     and continues to suffer, physical injuries, embarrassment,
     humiliation, monetary, emotional, reputational, and other
     personal injuries.

     **WHEREFORE**, the Plaintiff demands judgment against the
Defendants, jointly, severally and alternatively, for
compensatory damages including damages for emotional distress,

7

physical injury, loss of reputation and other personal injury, back pay, front pay, consequential damages, punitive damages, pre- and post-judgment interest, enhancement for tax consequences, reasonable attorney's fees enhanced under the LAD, costs of suit, and any other relief this Court deems just.

## COUNT TWO- WORKER'S COMPENSATION RETALIATION

26. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

27. On February 27, 2007, the Plaintiff tripped and fell at work injuring her left foot. The Plaintiff subsequently filed a worker's compensation claim.

28. Thereafter, the Plaintiff suffered retaliation as discussed above in *Facts Common to All Causes of Action, paragraph 11.*

29. It is in violation of common law for an employer to retaliate against an employee for making, or attempting to make, a claim for worker's compensation benefits.

30. New Jersey common law provides that an employee has a private cause of action where an employer retaliates against an employee for filing, or attempting to file, a worker's compensation claim.

31. The Defendants, by their foregoing described actions, have retaliated against the Plaintiff in violation of common law.

8

32.  The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against the Defendants.

33.  Defendant Lt. Bordi aided and abetted the employer by making decisions which resulted in discriminatory actions and retaliation against the Plaintiff.

34.  The Defendants' acts were performed with malice and a reckless indifference to the Plaintiff's protected rights.

35.  The willful indifference and actual participation by superiors creates liability against the Defendant Employer.

36.  As a result of the Defendants' intentional and outrageous actions toward the Plaintiff, as detailed in the previous paragraphs of this Complaint, the Plaintiff has suffered, and continues to suffer, extreme emotional distress, embarrassment, humiliation, monetary, emotional, reputational and other personal injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages including damages for emotional distress, loss of reputation and other personal injury, back pay, front pay, consequential damages, punitive damages, pre- and post-judgment interest, reasonable attorney's fees and costs, and any other relief this Court deems just.

9

## COUNT THREE: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C.A. §2601, et al.

37. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

38. The Plaintiff suffers from severe chronic cough syndrome caused by asthma and post-nasal drip syndrome, and a work-related injury.

39. The Plaintiff's work-related injury prevented her from working October 19-29, 2007.

40. The Plaintiff properly advised her employer of her illness and/or injury and requested FMLA leave.

41. On November 1, 2007, a Preliminary Notice of Disciplinary Action charged the Plaintiff with chronic or excessive absenteeism because she was absent without authorized leave on October 19, 2007 for 3.5 hours, on October 22-24, 2007 for 24 hours, on October 25, 2007 for 6 hours, and on October 26, 2007 for 8 hours.

42. On October 31, 2007, the Defendant Employer advised the Plaintiff that she had 2 weeks of FMLA time remaining.

43. In direct retaliation for the Plaintiff exercising her rights under FMLA, the Defendant brought disciplinary charges against the Plaintiff for insubordination and chronic or excessive absenteeism.  The Defendant suspended the

10

Plaintiff without pay from December 3-5, 2007 for the sole reason that the Plaintiff exercised her protected rights under FMLA.

44. The Defendant Employer has employed 50 or more employees in at least 20 weeks of the current or preceding year.

45. The Defendant Employer has 50 or more employees within 75 miles of the Plaintiff's work location.

46. The Plaintiff had worked for the Defendant Employer during the 12 months preceding her need for FMLA leave and for at least 1250 base hours.

47. The Plaintiff suffers from a disability which prevents her from working at times.

48. The Plaintiff consistently provided her employer with notes from her physician regarding her disability, and the Defendants approved the leave under FMLA.

49. The Defendants violated the FMLA by taking adverse action against the Plaintiff for using her FMLA time.

50. As a result of the Defendant's intentional outrageous actions toward the Plaintiff, as detailed in the previous paragraphs and Counts of this Complaint, the Plaintiff has suffered, and continues to suffer, extreme emotional distress, anxiety, embarrassment, humiliation, monetary, emotional, reputational and other personal injuries.

WHEREFORE, the Plaintiff demands judgment against the

11

Defendants, jointly, severally and alternatively, for compensatory damages, including damages for emotional distress, loss of reputation, back pay, front pay, consequential damages, punitive damages, pre-and post-judgment interest, reasonable attorneys' fees.

### COUNT FOUR - JOHN DOES

51. The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

52. Although the Plaintiff believes that the acts complained of were performed or caused by the named Defendants, the Plaintiff cannot be sure that the named Defendants is the only entity liable for the actions complained of. Therefore, Plaintiff has named John Doe(s), fictitious person(s) or corporation(s) as defendant(s) to this action.

53. The terms "Defendant" and "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John Doe(s)".

**WHEREFORE**, Plaintiff demands Judgment against John Doe(s), jointly, severally and in the alternative, for all damages requested in the previous counts.

Dated: January 30, 2008

Alan H. Schorr, Esquire
Attorney for the Plaintiff

12

## JURY DEMAND

Plaintiff demands trial by jury as to all of the triable issues of this complaint, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

PURSUANT to the provisions of Rule 4:25-4, the Court is advised that Alan H. Schorr, Esquire, is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.


Dated:      January 30, 2008

Alan H. Schorr, Esquire

13

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all of part of all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date;  (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

14

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS

                        TRACK ASSIGNMENT NOTICE

              DATE:    FEBRUARY 08, 2008
              RE:      ROCK VS VOORHEES POLICE DEPARTMENT
              DOCKET:  CAM L -000653 08

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS     450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT G. MILLENKY

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     202
(856) 379-2200 EXT 3060.

AT:

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH
R. 4:5A-2.

            ATTENTION:
                      ATT: ALAN H. SCHORR
                      ALAN H. SCHORR
                      5 SPLIT ROCK DRIVE
                      CHERRY HILL        NJ 08003

JUAJ1L

# CIVIL CASE INFORMATION STATEMENT
## (CIS)



Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| | |
|---|---|
| **FOR USE BY CLERK'S OFFICE ONLY** | |
| PAYMENT TYPE :   CK      CG      CA | |
| CHG / CK NO. | |
| AMOUNT : | |
| OVERPAYMENT : | |
| BATCH NUMBER : | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Alan H. Schorr | ( 856 ) 874-9090 | CAMDEN |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Alan H. Schorr & Associates, P.C. | L 653-08 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 5 Split Rock Drive | Complaint |
| Cherry Hill NJ 08003 | JURY DEMAND   ☑ YES   ☐ NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| GERALDINE ROCK | GERALDINE ROCK v. VOORHEES POLICE DEPARTMENT, et al. |

| CASE TYPE NUMBER (See reverse side for listing)   618 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☑ NO   IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?   ☐ YES   ☑ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES   ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   ☐ NONE   ☑ UNKNOWN |
|---|---|

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☑ YES   ☐ NO | IF YES, IS THAT RELATIONSHIP   ☑ EMPLOYER - EMPLOYEE   ☐ FAMILIAL | ☐ FRIEND / NEIGHBOR   ☐ BUSINESS | ☐ OTHER (explain) _____ |
|---|---|---|---|

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☑ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

FILED
JAN 31 2008

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES   ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____ |
|---|---|

| WILL AN INTERPRETER BE NEEDED?   ☐ YES   ☑ NO | IF YES, FOR WHAT LANGUAGE: _____ |
|---|---|

ATTORNEY SIGNATURE

Revised effective 10/1/02





# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track 1 — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 503 | COMMERCIAL TRANSACTION |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 599 | CONTRACT |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT - OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 234 | FRT PLYWOOD LITIGATION |
| 245 | ACTIONS UNDER FEDERAL Y2K ACT |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

**Mass Tort (Track IV)**

| | | | | |
|---|---|---|---|---|
| 240 | DIET DRUG | | 601 | ASBESTOS |
| 241 | TOBACCO | | 612 | BLOOD-CLOTTING SERUM |
| 243 | LATEX | | 702 | LEAD PAINT |
| 246 | REZULIN | | | |
| 247 | PROPULSID | | | |
| 248 | CIBA GEIGY | | | |
| 264 | PPA | | | |

999 OTHER (Briefly describe nature of action) _____

_____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."



# New Jersey Lawyers Service
2333 U.S. Hwy 22 West
Union, New Jersey 07083
908-686-7300

JOB #    50973

**PLAINTIFF**

GERALDINE ROCK VS COORHEES POLICE DEPARTMENT ;
LIEUTENANT LOUIS BORDI; ET ALS

**DEFENDANT**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
DOCKET CAM-L-653-08

AFFIDAVIT OF SERVICE

Attorney:        File #    **6925**

**SCHORR & ASSOCIATES PC/ALAN**
5 SPLIT ROCK DRIVE
CHERRY HILL     NJ      08003
(856) 797-1010

Papers Served: **SUMMONS AND COMPLAINT**

COMMENTS: SUMMONS, COMPLAINT, CIVI
CASE INFORMATION STATEMEINT, TRACK
ASSIGNMENT NOTICE, FIRST SET OF
DOCUMENT REQUESTS AND FIRST SET OF
INTERROGATORIES.

ADD CHANGE, CORRECT ADD IS 12 SUNSE
DRIVE, VOORHEES, NJ 08043

Person to be served: **LIEUTENANT LOUIS BORDI**
21 SUNSET DRIVE
VOORHEES NJ 08043

Served Successfully ☑    Not Served ☐    Date   **3/1/2008**          Time   **11:15 AM**

Attempts: _____

_____ Delivered a copy to him/her personally

**X** Left a copy with a competent household member
over 14 years of age residing therein (indicate name
relationship at right)

Name of Person Served and relationship/title:
Address Served:

_____ Left a copy with a person authorized to accept service, e.g., managing
agent, registered agent, etc.
(indicate name _official title at right)

**LOUIS BORDI, SR.**

**FATHER**

Description of Person Accepting Service:

Sex: **M**              Age: 67            Weight: **158**     Skin Color:  **LIGHT**              Hair Color: **DARK**

Military Service I asked the person whether recipient was in active military service of the United States or the State of New Jersey in a
activity whatever and received a negative reply, Recipient wore civilian clothes and no military uniform. The source of my information
and the grounds of my belief are the conversation and observation above narrated.

MARCO P. PEREIRA
NOTARY PUBLIC OF NEW JERSEY
Subscribed and Sworn My Commission Exp. June 5, 2012
___4___ day of _____ 2008

I _____ **WALTER NEBEL** _____, at the time of service a competent
adult not having a direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

_Walter Nebel_

**EXHIBIT B**

# New Jersey Lawyers Service
2333 U.S. Hwy 22 West
Union, New Jersey 07083
908-686-7300



JOB_NUM:      50974

**PLAINTIFF**

GERALDINE ROCK VS COORHEES POLICE DEPARTMENT ;
LIEUTENANT LOUIS BORDI; ET ALS

**DEFENDANT**

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION**

DOCKET: CAM-L-653-08

AFFIDAVIT OF SERVICE

Attorney:      File #      6925
SCHORR & ASSOCIATES PC/ALAN H
5 SPLIT ROCK DRIVE
CHERRY HILL,   NJ   08003
(856) 797-1010

Papers Served: SUMMONS AND COMPLAINT

**DOCS SERVED: SUMMONS, COMPLAINT,
CIVIL CASE INFORMATION STATEMENT,
TRACK ASSIGNMENT NOTICE, FIRST SET
DOCUMENT REQUESTS AND FIRST SET C
INTERROGATORIES.**

Person to be served: HOWARD LONG, ESQ.
WADE, LONG, WOOD & KENNEDY, LLC 125
CHEWS LANDIND RD
LAUREL SPRINGS NJ 08021

Served Successfully ☑      Not Served ☐      Date  2/25/2008          Time    4:00 PM

Attempts: _____

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household member
over 14 years of age residing therein (indicate name
relationship at right)

__X__ Left a copy with a person authorized to accept service, e.g., managing
agent, registered agent, etc.
(indicate name official title at right)

Name of Person Served and relationship/titl
Address Served:

**PAM ROMANOWSKI**

**AUTHORIZED AGENT**

Description of Person Accepting Service:

Sex: F                Age: 41            Weight: 140-150      Skin Color:  WHITE              Hair Color: BROWN

Military Service I asked the person whether recipient was in active military service of the United States or the State of New Jersey
activity whatever and received a negative reply. Recipient wore civilian clothes and no military uniform. The source of my informa
and the grounds of my belief are the conversation and observation above narrated.

Subscribed and Sworn to me this
26 day of MARCH P. PEREIRA 2008
NOTARY PUBLIC OF NEW JERSEY
My Commission Exp. June 5, 2012

I      SALVATORE COSSARI      , at the time of service a competent
adult not having a direct interest in the litigation. I declare under penal
perjury that the foregoing is true and correct.

Salvatore Cossari